**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| JOE DUKLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:15-cv-00015 |
| COMENITY BANK, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOE DUKLER ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, COMENITY BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

   [b]anning such automated or prerecorded telephone calls to the

1

home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of Wisconsin.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believed, and thereon alleged, that Defendant is, and at all times mentioned herein, was an association, located in Ohio.

11. Defendant is, and at all times mentioned herein, an association is a "person" as defined by 47 U.S.C. § 153 (39).

12. Plaintiff alleged that at all times relevant herein, Defendant conducted business in the State of Wisconsin, and within this judicial district.

## FACTUAL ALLEGATIONS

13. In or around July 2014, Defendant began communicating with Plaintiff regarding an alleged consumer debt associated with Plaintiff's cellular phone number.

14. The calls from Defendant are directed at Plaintiff's phone cellular number at 414-362-10XX.

15. When Defendant calls they are looking for a business that used to be connected with a business that was listed as a second number on credit applications.

16. Plaintiff does not owe, and has never done business with Defendant.

17. Regardless of Plaintiff's lack of association with Defendant, Plaintiff receives countless calls per day from Defendant.

18. These calls contain pre-recorded messages from Defendant Comenity Bank.

19. On at least two (2) occasions, Plaintiff has spoken with live Defendant and told Defendant

3

to stop calling and to purge the number.

20. Upon hearing this request, Defendant responded that there are too many people linked to Plaintiff's number and they cannot stop calling.

21. Defendant called Plaintiff using an autodialer system.

22. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

23. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

25. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

26. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

27. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

29. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on

4

Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

30. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when Defendant called plaintiff countless times using a pre-recorded message.

WHEREFORE, Plaintiff, JOE DUKLER, respectfully requests judgment be entered against Defendant, COMENITY BANK, for the following:

32. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B). 40.

33. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

34. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

January 6, 2015     By: /s/ Michael S. Agruss
                    Michael S. Agruss
                    SBN: 6281600
                    Agruss Law Firm, LLC
                    4619 N. Ravenswood Ave.
                    Suite 303A
                    Chicago, IL 60640
                    Tel: 312-224-4695
                    Fax: 312-253-4451
                    michael@agrusslawfirm.com
                    Attorney for Plaintiff

6