# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOE DUKLER,**

      Plaintiff,

    -vs-                                   Case No. 15-C-15

**COMENITY BANK,**

      Defendant.

## DECISION AND ORDER

Plaintiff Joe Dukler ("Dukler") filed this action against Defendant Comenity Bank ("Comenity"), alleging that Comenity violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 e*t seq.* After Comenity filed its Answer, the Court sent a letter advising the parties that it would conduct a Rule 16(b) scheduling conference by telephone on May 5, 2015, and requiring that the parties participate in a settlement/discovery conference at least 21 days prior to May 5 and file a report at least 14 days prior to May 5. (ECF No. 8.)

On April 15, 2015, the Court granted the motion to withdraw filed by Dukler's attorney. (ECF No. 12.) The motion was based on counsel's inability to communicate with Dukler over a two-month period; Dukler failed to respond to counsel's telephone messages, emails, and letters.

Comenity filed a report pursuant to Fed. R. Civ. P. 26(f) stating that based on counsel's statements in the motion to withdraw, it appears that Dukler has abandoned his case; that Comenity does not have Dukler's contact information and has not communicated with him since his counsel withdrew; and suggesting that the Court issue an order for Dukler to show cause why the case should not be dismissed. (ECF No. 13.)

On May 4, the courtroom clerk telephoned Dukler and left a message reminding him of the May 5 scheduling conference call. On May 5, the courtroom clerk called Dukler at the time of the scheduled call, no person answered the phone, and the clerk left a message for Dukler stating that the Court would be issuing an order regarding the status of the case. The clerk then called Comenity, advised counsel of the circumstances, and provided Comenity with Dukler's contact information. No scheduling conference was conducted.

Dukler is advised that Civil L.R. 41(c) (E.D. Wis.) provides: "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days." Dukler is not diligently prosecuting this action because he did not participate in the filing of Rule 26(f) report or the

scheduling conference. The Court views Dukler's inaction as an abandonment of this action which results in the dismissal of this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

This action is **DISMISSED**.

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**